# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| JOSE HERNANDEZ, )<br>    *Plaintiff* )<br>) | |
| vs. ) | **Civil Action No. 5:16-cv-57-KS-MTP** |
| ) | |
| MANAGEMENT & TRAINING )<br>CORPORATION and JOHN AND )<br>JANE DOES 1-100, ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Management & Training Corporation ("MTC"), by counsel, and files its Answer and Affirmative Defenses and would show in support the following:

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against MTC upon which relief may be granted.

2. Plaintiff may have failed to join indispensable parties in order to properly adjudicate the present matter, as set forth by Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

3. Plaintiff's claims are barred by the applicable statutes of limitations, statutes of repose, the doctrines of laches, waiver, and/or estoppel, release, and/or failure to meet any other and further applicable filing deadlines.

4. Plaintiff may have failed to comply with all conditions precedent and with all statutory and/or due process and/or other requisites for this this suit against MTC.

5. To the extent Plaintiff has specifically and/or generally failed to exhaust any and all available administrative remedies prior to filing suit, his claims and Complaint are barred and must be dismissed.

6. MTC would show that Plaintiff's claims and Complaint are barred under the provisions of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(a), for failure to exhaust all administrative remedies available to him.

7. Plaintiff's Complaint should be dismissed under the provisions of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(c), because it fails to state a claim upon which relief can be granted.

8. MTC would show that any alleged injuries or damages suffered by Plaintiff as a result of the events complained of (which are denied) were caused solely by reason of the conduct of Plaintiff, and that all actions of MTC were, in every sense, lawful, proper, and responsible and done in compliance with adopted policies and procedures.

9. MTC specifically reserves and invokes all defenses available to it or to which it is entitled under any applicable state and federal law and other policies, standards, regulations, laws, statutes, authorities, and ordinances.

10. At all times relevant to the Complaint, MTC acted in good faith reliance upon existing state and/or federal laws without malice, deliberate indifference, reckless disregard, injurious intent, or wrongful motive.

11. While denying that MTC took any action against Plaintiff for which it may be liable, MTC expressly pleads that each and every decision made or taken concerning Plaintiff was made in good faith and based on legitimate and lawful reasons. Further, each and every

action taken by MTC with respect to Plaintiff was taken in accordance with applicable federal and/or Mississippi statutory and case law, and/or other applicable law.

12. MTC took prompt and reasonable action under the circumstances to correct and/or remedy any alleged wrongful conduct, which is denied.

13. Plaintiff's claims may be barred or preempted by Federal and/or Mississippi statutory and/or case law and/or the statutory caps and/or limitations found therein.

14. Plaintiff's recovery of damages, if any and which are specifically denied, is limited by applicable state and/or federal law and the statutory limitations therein.

15. Plaintiff has failed to properly mitigate his damages, if any and which are specifically denied.

16. Plaintiff's damages or injuries, to the extent that there are any, were exacerbated or made worse because of pre-existing physical, medical, and/or mental conditions.

17. MTC would affirmatively plead the provisions of Miss. Code Ann. § 11-7-15 and would aver that the acts and/or omissions of Plaintiff caused, in whole or in part, his own injuries and/or damages (if any and which are specifically denied) and that a recovery, if any, by Plaintiff must be reduced in accordance with his own proportionate share of fault.

18. MTC and its agents acting within the course and scope of their employment would show that they exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiff.

19. MTC would affirmatively plead the protections available under Miss. Code Ann. § 85-5-7 and would show that the acts or omissions of others, for whom it has no responsibility or liability, are the sole proximate, or contributing, cause of Plaintiff's injuries, if any, and that a

jury must be allowed to assess the proportionate share of fault to those parties and/or participants.

20.     MTC pleads the protections afforded to it under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in Plaintiff's Complaint.

21.     MTC committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff; MTC breached no legal duty owed to Plaintiff, if any (MTC specifically asserts that Plaintiff's general state law claim of negligence fails based on a lack of duty owed by MTC); MTC did not cause Plaintiff to sustain damages and/or injuries; and MTC demands that the suit filed against it be dismissed with all costs taxed to Plaintiff.

22.     Plaintiff's injuries and damages, if any and which are denied, were caused by intervening and/or superseding causes over which MTC had no control, and is thus not liable.

23.     To the extent Plaintiff has settled or should hereafter settle for any of his alleged damages with any person/entity, then MTC is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

24.     Plaintiff is not entitled to the recovery of pre-judgment or post-judgment interest pursuant to applicable Mississippi and/or federal law.

25.     Plaintiff is not entitled to any award of attorneys' fees, costs, or other expenses of litigation, as a matter of law.

26.     MTC specifically does not waive any defect in Plaintiff's Complaint by answering and preserves all objections to such deficiencies.

27. MTC denies any allegation of the Complaint not specifically and expressly admitted in this Answer.

28. MTC pleads all applicable defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure as well as the Prison Litigation Reform Act. MTC further asserts and/or reserves its right to assert any additional affirmative defenses that may be justified as additional facts become known.

29. Under the provisions of Fed. R. Civ. P. 38, MTC demands a trial by jury on all matters so triable.

30. Plaintiff has failed to state any cause of action against MTC that would entitle him to recover punitive damages and with respect to punitive damages, specifically plead as follows:

   a. MTC denies that Plaintiff is entitled to any recovery of punitive damages whatsoever against them; in the alternative, MTC pleads all rights, remedies and affirmative defenses available pursuant to Miss. Code Ann. § 11-1-65.

   b. An award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

   c. An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

   d. Any award of punitive damages against MTC would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

   e. Any award of punitive damages that is not based on the guidelines set forth in BMW of *North America, Inc.* v. *Gore*, 517 U.S. 559 (1996) and its progeny, including *Cooper Indus., Inc.* v. *Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), would violate MTC's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

## ANSWER

AND NOW, without waiving any of the above and foregoing affirmative defenses or any other defenses whatsoever, MTC answers Plaintiff's Complaint, paragraph by paragraph, as follows:

1. Paragraph 1 of the Complaint does not contain any allegations that require a response from MTC. To the extent a response is required, and without admitting any liability in the premises and in fact strictly denying same, it is specifically and only admitted that Plaintiff has filed a Complaint against MTC.

## JURISDICTION AND VENUE[1]

2. Without admitting any liability in the premises, MTC admits the allegations contained in ¶ 2 of the Complaint.

3. Without admitting any liability in the premises, MTC admits the allegations contained in ¶ 3 of the Complaint.

## PARTIES

4. MTC denies that Plaintiff suffered any compensable injuries. Without admitting any liability in the premises, and upon information and belief, MTC admits the allegations of ¶ 4 of the Complaint.

5. Without admitting any liability in the premises whatsoever, MTC admits the allegations contained in ¶ 5 of the Complaint.

6. MTC admits that it is a corporation domiciled in the State of Utah. MTC admits that it has contracts, either directly or indirectly, with the Mississippi Department of Corrections ("MDOC") to operate prison facilities in the State of Mississippi. MTC admits that it is subject

---

[1] MTC utilizes the headings set forth in the Complaint for organizational purposes only. To the extent that such headings constitute allegations, MTC denies those allegations.

to the personal jurisdiction of this Court.  MTC denies the remaining allegations and legal conclusions of ¶ 6.

7. MTC does not have information sufficient to admit or deny the allegations of ¶ 7, but to the extent that any of said allegations or legal conclusions seek to impose liability on MTC, MTC expressly denies those allegations and/or conclusions.

## FACTS

8. MTC specifically and only admits that on June 8, 2015, Plaintiff alleges that, while incarcerated at WCCF, he was involved in an altercation with another inmate due to gang affiliations.  MTC denies the remaining allegations of ¶ 8 and demands strict proof of same.

9. MTC denies the allegations of ¶ 9, as stated, and demands strict proof of same.

10. MTC denies the allegations of ¶ 10, as stated, and demands strict proof of same.

11. MTC specifically and only admits that on or around June 19, 2015, Plaintiff alleges that, while incarcerated at WCCF, he was physically assaulted by other inmates due to gang affiliations.  MTC denies the remaining allegations of ¶ 11 and demands strict proof of same.

## CONDITIONS AT WCCF

12. The allegations of ¶ 12 of the Complaint are redundant, immaterial, impertinent, and scandalous, and the Court should strike them from the Complaint under the provisions of Fed. R. Civ. P. 12(f).  Notwithstanding that objection, MTC denies the allegations of ¶ 12 and demands strict proof thereof.

13. The allegations of ¶ 13 of the Complaint are redundant, immaterial, impertinent, and scandalous, and the Court should strike them from the Complaint under the provisions of

Fed. R. Civ. P. 12(f).  Notwithstanding that objection, MTC denies the allegations of ¶ 13 and demands strict proof thereof.

14. The allegations of ¶ 14 of the Complaint are redundant, immaterial, impertinent, and scandalous, and the Court should strike them from the Complaint under the provisions of Fed. R. Civ. P. 12(f).  Notwithstanding that objection, MTC denies the allegations of ¶ 14 and demands strict proof thereof.

15. The allegations of ¶ 15 of the Complaint are redundant, immaterial, impertinent, and scandalous, and the Court should strike them from the Complaint under the provisions of Fed. R. Civ. P. 12(f).  Notwithstanding that objection, MTC denies the allegations of ¶ 15 and demands strict proof thereof.

16. The allegations of ¶ 16 of the Complaint are redundant, immaterial, impertinent, and scandalous, and the Court should strike them from the Complaint under the provisions of Fed. R. Civ. P. 12(f).  Notwithstanding that objection, MTC denies the allegations of ¶ 16 and demands strict proof thereof.

17. The allegations of ¶ 17 of the Complaint are redundant, immaterial, impertinent, and scandalous, and the Court should strike them from the Complaint under the provisions of Fed. R. Civ. P. 12(f).  Notwithstanding that objection, MTC denies the allegations of ¶ 17 and demands strict proof thereof.

18. The allegations of ¶ 18 of the Complaint are redundant, immaterial, impertinent, and scandalous, and the Court should strike them from the Complaint under the provisions of Fed. R. Civ. P. 12(f).  In addition, ¶ 18 of the Complaint contains legal conclusions, which require no response from MTC.  In the event that the improper legal conclusions require a

response, MTC denies those legal conclusions. Notwithstanding that objection, MTC denies the allegations of ¶ 18 and demands strict proof thereof.

19. MTC denies the allegations of ¶ 19 and demands strict proof thereof.

### NEGLIGENCE/GROSS NEGLIGENCE

20. MTC incorporates and restates by reference herein its answers to the preceding allegations contained in the Complaint, paragraph by paragraph, as set forth above.

21. MTC denies the allegations and legal conclusions of ¶ 21 and demands strict proof thereof.

22. MTC denies the allegations of ¶ 22 and demands strict proof thereof.

23. MTC denies the allegations contained in ¶ 23 of the Complaint, specifically denying any and all implications of wrongdoing or liability on its part, and demanding strict proof thereof.

### NEGLIGENT AND/OR GROSSLY NEGLIGENT HIRING AND SUPERVISION

24. MTC incorporates and restates by reference herein its answers to the preceding allegations contained in the Complaint, paragraph by paragraph, as set forth above.

25. MTC denies the allegations contained in ¶ 25 of the Complaint, including subparts (a) through (c) inclusive, specifically denying any and all implications of wrongdoing or liability on its part, and demanding strict proof thereof.

### RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

26. MTC incorporates and restates by reference herein its answers to the preceding allegations contained in the Complaint, paragraph by paragraph, as set forth above.

27. MTC denies the allegations and legal conclusions of ¶ 27 and demands strict proof thereof.

28. MTC denies the allegations and legal conclusions of ¶ 28 and demands strict proof thereof.

## § 1983 CAUSES OF ACTION

29. MTC incorporates and restates by reference herein its answers to the preceding allegations contained in the Complaint, paragraph by paragraph, as set forth above.

30. MTC denies the allegations and legal conclusions of ¶ 30, including subparts (a) through (e) inclusive, and demands strict proof thereof.

31. MTC denies the allegations and legal conclusions of ¶ 31 and demands strict proof thereof.

32. MTC denies the allegations of ¶ 32 and demands strict proof thereof.

33. MTC denies the allegations and legal conclusions of ¶ 33 and demands strict proof thereof.

34. MTC denies the allegations and legal conclusions of ¶ 34, including subparts (a) through (k) inclusive, and demands strict proof thereof.

35. MTC denies the allegations and legal conclusions of ¶ 35 and demands strict proof thereof.

## PUNITIVE DAMAGES

36. MTC incorporates and restates by reference herein its answers to the preceding allegations contained in the Complaint, paragraph by paragraph, as set forth above.

37. MTC denies the allegations and legal conclusions of ¶ 37 and demands strict proof thereof.

38. MTC denies the allegations of ¶ 38 and demands strict proof thereof.

39.     MTC denies the allegations and legal conclusions of ¶ 39 and demands strict proof thereof.

## PRAYER FOR RELIEF

MTC denies any and all allegations contained in the final unnumbered paragraph of Plaintiff's Complaint under the heading "PRAYER FOR RELIEF," and beginning with "The Plaintiff requests," including subparts A. through E. inclusive, denying any and all liability in the premises and demanding strict proof thereof.  Further, MTC specifically denies that Plaintiff is entitled to any recovery or relief whatsoever from MTC in this action.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Management & Training Corporation finally prays that this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings, there be a judgment in its favor, with full prejudice and at Plaintiff's costs.

**THIS**, the 18th day of August, 2016.

Respectfully submitted,

**MANAGEMENT & TRAINING CORPORATION**

By:     */s/ R. Jarrad Garner*
R. Jarrad Garner (MSB# 99584)
H. Richard Davis, Jr. (MSB# 103983)
ADAMS AND REESE, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Office: (601) 353-3234
Fax:    (601) 355-9708
jarrad.garner@arlaw.com
richard.davis@arlaw.com

**CERTIFICATE OF SERVICE**

I, R. Jarrad Garner, one of the attorneys for Defendant Management & Training Corporation, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

**SO CERTIFIED**, this the 18th day of August, 2016.

*/s/ R. Jarrad Garner*
R. Jarrad Garner